UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LIONEL WHITE, | ) | |
| | ) | No. 17 C 02877 |
| Plaintiff, | ) | |
| | ) | The Honorable Sharon Johnson Coleman |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, et al. | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S ADDITIONAL AUTHORITY IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS**

Defendants, Ronald Watts, Alvin Jones, Elsworth Smith, Jr., Kallatt Mohammed, Manuel Leano, Brian Bolton, Robert Gonzalez, and Douglas Nichols ("Defendant Officers") and Phillip Cline, Debra Kirby and the City of Chicago ("City"), in response to plaintiff's additional authority offered in opposition to defendants' joint motion to dismiss, state:

Plaintiff quotes one sentence from *Hurt v. Wise*, 880 F.3d 831 (7th Cir. 2018), and argues that the panel opinion rejects defendants' argument that, under *Avery v. City of Milwaukee*, 847 F.3d 433 (7th Cir. 2017), a Fourteenth Amendment due process claim based on fabricated evidence is only viable if the allegedly fabricated evidence is admitted at a plaintiff's trial and causes the plaintiff's conviction. (Dkt. #60). *Hurt*, however, does not and cannot save plaintiff's due process claim.

First, *Hurt* is an opinion on qualified immunity, and the issue of whether and when a plaintiff may bring a Fourteenth Amendment due process claim based on fabricated evidence was not before the court (indeed, the defendants there had conceded that "a due process claim

can be based on false police reports" and thus the issue of the viability of the claim was not raised on appeal). 880 F.3d at 843-44.[1]

Second and more to the point, the legal principle embodied in that one sentence ("[t]he Fourteenth Amendment's Due Process Clause is the relevant constitutional source; it forbids the state from depriving a person of liberty (including by pre-trial detention) based on manufactured evidence") has been expressly and unequivocally rejected by the United States Supreme Court in the context of any and all pre-trial detentions, including those that commence or continue after legal process has gone forward. *Manuel v. City of Joliet,* 137 S. Ct. 911, 918-19 (2017) ("[Legal process] cannot extinguish the detainee's Fourth Amendment claim [for pre-trial detention secured through fabricated probable cause]—*or somehow, as the Seventh Circuit has held, convert that claim into one founded on the Due Process Clause.*" (emphasis added)).

Moreover, as *Manuel* makes clear, not only does the Fourteenth Amendment have nothing to do with a *pre-trial* detention secured through fabricated probable cause even after legal process has commenced, the amendment *only* becomes relevant *after a trial has occurred*:

> Nothing in the nature of the legal proceeding establishing probable cause makes a difference for purposes of the Fourth Amendment: Whatever its precise form, if the proceeding is tainted—as here, by fabricated evidence—and the result is that probable cause is lacking, then the ensuing pretrial detention violates the confined person's Fourth Amendment rights, for all the reasons we have stated. By contrast (and contrary to the dissent's suggestion, see *post,* at 927, n. 3), *once a trial has occurred, the Fourth Amendment drops out: A person challenging the sufficiency of the evidence to support both a conviction and any ensuing incarceration does so under the Due Process Clause of the Fourteenth Amendment. Gerstein* and *Albright,* as already suggested, both reflected and recognized that constitutional division of labor. In their words, the Framers "drafted the Fourth Amendment" to address "the matter of *pretrial* deprivations of liberty," and the

---

[1] The plaintiffs in *Hurt* were Indiana residents and the actual claim asserted was a "federal malicious prosecution" claim, which the district court allowed under circuit precedent holding that because Indiana state law does not provide an adequate remedy for the deprivation of liberty secured through fabricated evidence, Indiana plaintiffs may bring a federal malicious prosecution claim to remedy the deprivation. *Hurt v. Vantlin*, 2017 WL 1021396, at *17 (S.D. Ind. Mar. 16, 2017), *aff'd in part, rev'd in part Hurt v. Wise*, 880 F.3d 831 (7th Cir. 2018).

Amendment thus provides "standards and procedures" for "the detention of suspects *pending trial*."

*Id.* at 920, n 8 (first emphasis added) (internal citations omitted). This Court is bound by *Manuel*. *United States v. Chase*, 281 F.2d 225, 229 (7th Cir. 1960) ("the District Courts as well as the Courts of Appeals must follow the decisions and interpretations of our highest court"); *Quilici v. Vill. of Morton Grove*, 532 F. Supp. 1169, 1181 (N.D. Ill. 1981) ("It is a truism that the district court is bound by the holdings of the Supreme Court to the extent that they bear on questions before the district court.")

Third, that one sentence from *Hurt*, if it means what plaintiff claims it means, cannot be reconciled with the extensive *Albright* analysis in *Avery* (conducted in an effort to distinguish the case before it from *Albright*), and which forms the entire basis of *Avery*'s holding. *Avery v. City of Milwaukee*, 847 F.3d 433, 440-41 (7th Cir. 2017) ("*Albright* did not involve a plaintiff who claimed he was wrongfully *convicted* of a crime *in a trial* tainted by falsified evidence, known perjury, or the deliberate destruction of exculpatory evidence" (first emphasis original)). Nor can it be reconciled with the express language of *Avery* which requires that the fabricated evidence be admitted at trial and cause the conviction at issue as the fundamental element of a due process fabrication claim. *Id.* at 442 ("A § 1983 claim requires a constitutional violation, and the due-process violation wasn't complete until the [fabricated evidence] *was introduced at Avery's trial*, resulting in his conviction and imprisonment for a murder he did not commit. After all, it was the admission of the [fabricated evidence] that made Avery's trial unfair." (emphasis added)).

Ironically, plaintiff's "additional authority" highlights the danger of culling a sentence here and there from various opinions to craft a claim that is not cognizable under circuit and supreme court authority. If *Newsome* is no longer good law, the full Seventh Circuit should tell us rather than allowing individual panels to bend and twist their way around this precedent. And

3

if *Avery* is now the law of the land on this issue, individual panels cannot be allowed to bend and twist their way around that precedent in a manner that brings our circuit into direct conflict with Supreme Court precedent. Fortunately, in *this* case, it does not matter whether the Court follows *Newsome* or *Avery*, plaintiff's Fourteenth Amendment due process claims must be dismissed under either opinion because as *Avery* holds and as *Manuel* dictates, the Fourteenth Amendment only comes into play after a trial has taken place.

Respectfully submitted,

By: /s/ *Paul A. Michalik*
ATTORNEYS FOR DEFENDANTS
City of Chicago, Philip Cline, and
Debra Kirby

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Reiter Burns, LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606

By: /s/ *Amy A. Hijjawi*
ATTORNEYS FOR DEFENDANT
OFFICERS Bolton, Gonzalez,
Jones, Leano, Nichols, Smith

Andrew M. Hale
Amy A. Hijjawi
Jennifer Bitoy
Mohammed Khan
Alexander Tapling
HALE LAW LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604

By: /s/ *Eric Palles*
ATTORNEYS FOR DEFENDANT
Kallatt Mohammed

Gary Ravitz
Eric S. Palles
RAVITZ & PALLES, P.C.
203 N. LaSalle Street, Suite 2100
Chicago, IL 60601

By: /s/ *Brian Gainer*
ATTORNEYS FOR DEFENDANT
Ronald Watts

Brian Gainer
Monica Gutowski
Kevin Pacini
JOHNSON & BELL, LTD.
33 W. Monroe St., Suite 2700
Chicago, IL 60603