UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIONETTA WHITE, as special administrator for Lionel White, deceased, ) ) ) ) Plaintiff, ) ) No. 17 C 2877 v. ) ) Judge Sara L. Ellis CITY OF CHICAGO, et al., ) ) Defendants. ) | |

## ORDER

The Court denies Defendant Kallatt Mohammed's motion to reconsider the Order denying leave to file an amended answer to Plaintiff's complaint [197]. See Statement.

## STATEMENT

Plaintiff Lionel White Senior, now deceased and represented by his estate, claims that a group of Chicago Police Department ("CPD") officers, including Defendant Kallatt Mohammed, framed him for unlawful drug possession that subsequently led to a wrongful conviction. After White served two years in prison, the Circuit Court of Cook County granted him a Certificate of Innocence. Shortly thereafter, on April 17, 2017, White sued a group of CPD officers, including Mohammed, and the City of Chicago for violating his Fourth and Fourteenth Amendment rights. When Mohammed answered White's complaint on April 21, 2018, he asserted his Fifth Amendment right to not provide self-incriminating testimony due to then-ongoing criminal investigations. He also asserted his Fifth Amendment right when he answered interrogatories.[1] Then, at his deposition taken on November 15, 2023, Mohammed withdrew his Fifth Amendment privilege and gave answers to questions that were previously out-of-bounds due to his invocation of the privilege. Seven months later, and five months after the close of fact discovery, Mohammed moved for leave to file an amended answer to White's complaint to withdraw his Fifth Amendment invocation. In its November 18, 2024 Opinion and Order (the "Order"), the Court denied Mohammed's motion, finding that granting leave to amend would burden White with undeserved strategic disadvantages and because the motion had an air of bad faith. Mohammed now asks the Court to reconsider the Order.

---

[1] A different court managed discovery in this case as part of *In re: Watts Coordinated Pretrial Proceedings*, No. 19 C 1717 (N.D. Ill.). On January 20, 2023, the parties to the Watts Coordinated Proceedings agreed to stay discovery in all but nineteen "test cases." *See id.*, Doc. 395. The parties selected this case as one of the test cases and set the close of discovery for December 18, 2023. The Court set this case for trial on September 15, 2025.

1

Motions for reconsideration serve a limited purpose and are "only appropriate where the court has misunderstood a party, where a court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). A motion for reconsideration "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Cnty. of McHenry v. Ins. Co. of the W.*, 438 F. 3d 813, 819 (7th Cir. 2006) (citation omitted) (internal quotation marks omitted); *see also Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (a Rule 59(e) motion does not "enable a party to complete presenting his case after the court has ruled against him" (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995))).

Mohammed argues that the Court erred because his requested amendment would not have prejudiced White and the seven-month lapse between Mohammed's deposition and his attempt to amend his answer "does not evidence gamesmanship or have the 'air of bad faith.'" Doc. 197 at 3. Specifically, Mohammed disagrees with the Court's "conjectural" concern with the circumstances surrounding the withdrawal of his Fifth Amendment privilege. *Id.* at 3–4. But these arguments mainly reiterate the arguments Mohammed made in support of his motion for leave to file an amended answer. Mohammed previously contended that his amendment was in good faith and would not prejudice White. White responded, maintaining that Mohammed's request to withdraw the assertion of the Fifth Amendment privilege was in bad faith and "an attempt to gain an unfair advantage." Doc. 178 at 7–8. And, while Mohammed now claims that White did not successfully argue why the amended answer would prejudice him, White contended that allowing Mohammed to "withdraw [the Fifth Amendment privilege] at the eleventh hour" gives Mohammed "a strategic advantage." Doc. 178 at 2. Regardless, it is Mohammed's burden—not White's—to show that undue prejudice will not result to the non-moving party. *See King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994) ("[A] party seeking an amendment [of its answer] carries the burden of proof in showing that no prejudice will result to the non-moving party."). Importantly, a motion for reconsideration is not the appropriate vehicle to rehash prior arguments, and so Mohammed's disagreement with the Court's Order does not serve as a basis to alter or amend it. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.").

Further, while other courts in this district have resolved Mohammed's similar motions in related cases differently, *see Gipson v. City of Chicago*, No. 18 C 5120, Doc.135 (September 19, 2024); *Carter v. City of Chicago*, No. 17 C 7241, Doc. 180 (October 21, 2024), the Court does not find this a reason to reconsider its Order. Decisions of other district judges are not binding precedent. *See TMF Tool Co. v. Muller*, 913 F.2d 1185, 1191 (7th Cir. 1990); *United States v. Articles of Drug Consisting of 203 Paper Bags*, 818 F.2d 569, 572 (7th Cir. 1987) (indicating that a single district court decision has little precedential effect and does not bind other district judges in the same circuit). Judges in this district use their discretion to apply the law to each case's facts and may come out differently as a result. Exercising its "broad discretion," this

Court weighed the factors dictated by the Seventh Circuit—namely, undue prejudice and bad faith—to deny Mohammed's request to file an amended answer. *See Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) ("[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants"); *see also Brunt v. Serv. Emps. Int'l Union,* 284 F.3d 715, 720 (7th Cir. 2002) ("[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court."). The Court weighed the facts of this case to deny leave to amend and is not swayed by the other courts' decisions.

Because Mohammed has not provided a basis for reconsideration, the Court denies his motion.

Date: March 4, 2025                                /s/__Sara L. Ellis_____